IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Derrick Levon Platt,   ) | Civil Action No.: 4:11-cv-03021-RBH |
| ) | Criminal No.: 4:09-cr-01146-RBH-1 |
| Petitioner,   ) | |
| ) | |
| v.   ) | **ORDER** |
| ) | |
| United States of America,   ) | |
| ) | |
| Respondent.   ) | |
| _____   ) | |

Pending before the Court is Derrick Levon Platt's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

## **Procedural History and Factual Background**

On October 27, 2009, a federal grand jury returned a two-count indictment against Petitioner, charging him in Count 1 with conspiracy to possess with intent to distribute 50 grams or more of crack cocaine in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(A), and in Count 2 with possession with intent to distribute 5 grams or more of crack cocaine in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(B). On May 3, 2010, Petitioner pled guilty to the Count 1 the Indictment, while the Government moved to dismiss Count 2.

On July 28, 2010, the Court sentenced Petitioner was sentenced to 292 months imprisonment to run concurrently with a state sentence Petitioner was already serving. Additionally, the Court sentenced Petitioner to ten years of supervised release.

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *United States v. Burton,* 26 Fed. App'x 351 (4th Cir. 2002); *see also United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

On November 7, 2011, Petitioner filed the instant Motion to Vacate. On January 5, 2012, the Government filed a Motion for Summary Judgment, alleging that Petitioner's Motion was without merit. Additionally, each of Petitioner's defense attorneys during his case, Mr. Cezar E. McKnight, Mr. J. Todd Rutherford, and Mr. John Wesley Locklair III, all filed affidavits regarding their performance in the case and taking issue with Petitioner's characterization of events. An order filed the same day, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), advised Petitioner of the dismissal procedure and the possible consequences if he failed to respond adequately. Petitioner timely filed a Response in Opposition, which he styled as a "Counter Affidavit."

## Applicable Law[2]

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [ ] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 Fed. App'x 972, 973 (4th Cir. 2006) (citing *United*

---

[2] It is undisputed that Petitioner's Motion to Vacate was timely filed within the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

2

*States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 Fed. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.' " *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

**Grounds for Petition**

Petitioner's Motion to Vacate alleges the following grounds for relief, all arguing ineffective assistance of counsel.

In Ground 1, Petitioner alleges that he was held accountable for a quantity of drugs that was erroneous. [Mot. to Vacate, Doc. # 71, at 4.]

In Ground 2, Petitioner alleges that his attorney wrongfully advised him that the conspiracy charge "wouldn't stick" because he had no co-defendant. [*Id*. at 5.]

In Grounds 3 and 4, Petitioner alleges that his attorneys denied him the opportunity to "fight in my case" and to prove his innocence. [*Id*. at 7–8.]

**Analysis**

Each of Petitioner's Grounds fail as he cannot show that defense counsels' performance was deficient, or that he suffered any prejudice from counsels' conduct.

Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that

3

counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id*.

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id*. A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

4

**I.     Ground 1: Drug Quantity**

In his first Ground for relief Petitioner alleges that he was held accountable for a quantity of drugs that was erroneous. [Mot. to Vacate, Doc. # 71, at 4.] Specifically, Petitioner alleges that he was held responsible for 2,852.37 grams of crack cocaine and 3,127.6 grams of powder cocaine, but that these amounts were not accurate as the controlled buys attempted by the Government were unsuccessful. [*Id.*] Petitioner argues that had "he known these claims were being made against me, I would have then in court asked for a trial." [*Id.*] Petitioner's arguments are without merit.

First, the Court specifically advised Petitioner, and Petitioner indicated his understanding, that once his Presentence Report was completed he would have an opportunity to review and challenge the facts reported by the probation officer. [*See* Guilty Plea Tr., Doc. # 84, at 11:17–12:13.] However, Petitioner never filed any objections to the PSR and has offered no evidence that the PSR was somehow incorrect. [*See* PSR, Doc. # 63 (sealed for Court users only).] Additionally, Petitioner never appealed the Court's sentence, and in fact filed with this Court a personally signed statement indicating that he had been notified of his right to appeal and that he did not want to appeal.[3] [*See* Appeal Waiver, Doc. # 62.] Further, Petitioner admitted that he understood he could face a maximum penalty of up to life imprisonment for the charged conduct. [*See* Guilty Plea Tr., Doc. # 84, at 22:8–24.] Thus, Petitioner's allegations that the drug amounts were not accurate or that he was somehow unaware of the sentence he was facing as a result of these drug amounts is, at best, conclusory. *See Strong*, 495 F.3d 134 at 139–40. "Thus, no hearing is required [because Petitioner's] allegations 'cannot be accepted as true because they are contradicted by the record, inherently

---

[3] Petitioner's personally signed appellate waiver, along with the affidavits of Petitioner's attorneys indicated they informed him of his right to appeal, undercut Petitioner's allegations that he was never informed he could appeal. [*See* Appeal Waiver, Doc. # 62; McKnight Aff. Doc. # 89, at ¶¶ 2–4.]

5

incredible, [and] conclusions rather than statement of fact.' " *Arredondo* , 178 F.3d at 782 (6th Cir. 1999) (quoting *Engelen*, 68 F.3d at 240).

Second, based on the drug weight in the PSR, Petitioner's total offense level was 35 with a criminal history category of VI, resulting in a guideline range of 292-327. [PSR, Doc. # 63, at ¶ 93.] However, because Petitioner was a career offender,[4] even if drug weights were ignored, Petitioner would still have an offense level of 34 with a criminal history category of VI, resulting in a guideline range of 262-327. *See* U.S.S.G. § 4B1.1(b) (explaining that for a career offender facing a statutory maximum of life, the criminal history category is VI and the offense level is 37, minus any applicable reduction for acceptance of responsibility. Petitioner was ultimately awarded a three-point reduction for acceptance of responsibility). Therefore, even if this Court were to assume that Petitioner was unaware of the drug weights and his possible sentence, and assume that Petitioner's counsel should have attacked the drug weights, Petitioner was not prejudiced because his sentence would still have been well within such an adjusted Guideline range. *See Hudson v. United States*, 210 F.3d 379 (8th Cir. 2000) (affirming district court's conclusion that petitioner was not prejudiced for purposes of ineffective assistance of counsel because her sentence was still within the Guideline range applicable after an adjustment to her criminal history category).

Third, at the time of his plea, Petitioner actually faced a mandatory life sentence because, on March 15, 2010, the Government filed a notice pursuant to 21 U.S.C. § 851 that it intended to rely on three prior drug offenses to enhance the sentence faced by Petitioner under 21 U.S.C. § 841(b)(1)(A) to life in prison. [*See* § 851 Notice, Doc. # 38.] At sentencing the Government made a motion to withdraw all but one of the 21 U.S.C.§ 851 enhancements previously filed, making the

---

[4] Defendant pled guilty and was sentenced to a felony and had at least two prior felony convictions of a controlled substance offense; thus he was a career offender under Section 4B1.1(a) of the U.S. Sentencing Guidelines. [*See also* PSR, Doc. # 63, at ¶¶ 44–45.]

minimum term of imprisonment faced by Petitioner at sentencing twenty years. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A). [*See also* Statement of Reasons, Doc. # 65 (sealed).]

## II.     Ground 2: Lack of Co-Defendant

Petitioner argues in Ground 2 that his attorney wrongfully advised him that the conspiracy charge "wouldn't stick" because he had no co-defendant. [Mot. to Vacate, Doc. # 71, at 5.] Petitioner's argument fails.

The Court specifically read Petitioner the indictment for Count 1, which listed no co-defendant, and explained the elements of conspiracy to Petitioner, which included no requirement that a co-defendant be included in the indictment. [Guilty Plea Tr., Doc. # 84, at 19:10–20:14.] This is in keeping with the law of conspiracy, which does not require that a co-conspirator also be a co-defendant or otherwise charged or convicted. See U.S. v. Collins, 412 F.3d 515, 519–20 (4th Cir. 2005) (holding that jury's acquittal of co-defendant who was defendant's only alleged co-conspirator did not entitle defendant to reversal of his conviction for conspiracy to distribute cocaine base).

The Court also explained that the conspiracy charge involved those "known and unknown" to the grand jury, and Petitioner specifically represented to the Court that he admitted to each element of the offense of conspiracy and that he understood the charges against him, including admitting that he had a "tacit understanding with others" to possess with intent to distribute, and to distribute, crack cocaine. [*Id*. at 12:7–9, 19:15–17, 20:15–25, 21:3–9.] The record before the Court demonstrates that Petitioner voluntarily, knowingly, and understandably admitted to the charge of conspiracy, including that he had an understanding with others to commit the conspiracy. To the extent Petitioner claims his counsel informed him that a co-defendant was required, any alleged misinformation provided by his attorney was cured by the Court's Rule 11 hearing. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) ("[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney

and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and the defendant.")

### III.     Grounds 3 and 4: Lack of Opportunity to Show Innocence

Petitioner's arguments in Grounds 3 and 4 are essentially the same. Specifically, Petitioner alleges that his attorneys denied him the opportunity to "fight in [his] case" and to prove his innocence. [Mot. to Vacate, Doc. # 71, at 7–8.] These Grounds are without merit.

As discussed thoroughly herein, Petitioner plainly admitted to the offense of conspiracy as charged in Count 1 of the indictment. As the record in this case demonstrates, the Court was very careful during the Rule 11 colloquy to ensure that Petitioner's plea was intelligent, knowing and voluntary. Further, Petitioner gives no examples as to what his attorneys could a have specifically done differently in his case. Petitioner has offered nothing beyond mere accusations of dissatisfaction with his attorneys, and therefore has made no showing that his attorneys' representation fell below an objective standard of reasonableness or that the results of his case would have been altered had his attorneys acted in a different manner. *See Strickland*, 466 U.S. at 686.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*,

8

529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, **IT IS ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 86] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate [Doc. # 71] is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                s/ R. Bryan Harwell
                R. Bryan Harwell
                United States District Judge

Florence, South Carolina
April 16, 2013